## EFFECT ON TAXABLE VALUE OF LAND OF REMOVAL OF COAL AND TIMBER.

Circuit Court of Harrison County.

F. E. JOHNSON v. JOHN S. LACEY, AUDITOR, ET AL.

Decided, May Term, 1908.

*Taxation—Severance of Taxable Value of Coal Strata and from Surface of the Land—Removal of Timber—Changes in Tax Valuations by County Boards of Equalization—Sections 2753 and 2792a.*

1. Where coal is sold and conveyed after the regular decennial appraisement, it is the duty of the county board of equalization under Section 2792a of the Revised Statutes, passed April 23, 1904, upon application by the owner of the surface to equitably apportion the valuation between the owner of the surface and the owner of the coal according to the relative value of their respective interests.
2. The sale and removal of timber from land does not entitle the owner of the land to any reduction of the decennial appraisement under Section 2753 of the Revised Statutes.

*Hollingsworth & Worley,* for plaintiff.
*E. S. McNamee and Perry & Rowland,* contra.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

This action is before us on appeal. Plaintiff, F. E. Johnson, is the owner of a large farm in this county and was such owner at the time of the decennial appraisement in 1900. The farm consists of tilable land, woodland, and buildings; and is underlaid with a valuable vein of coal. The tilable land, woodland

and buildings were appraised separately; nothing being said by the appraiser in his return about the coal. In the trial before the common pleas court, the evidence in which case is by consent used as the evidence before us, the decennial appraiser testified that the coal was not taken into consideration in the appraisement.

Johnson paid for the farm $14,000 but a short time before the appraisement, and it was appraised at $8,800.

January 30th, 1903, Johnson sold the coal underlying the farm for the sum of $4,320, the consideration mentioned in the deed being $1. The auditor placed the coal upon the tax duplicate at $4,320 against the purchaser, claiming that the company purchasing it had failed to list it for taxation.

Some time after the sale of the coal Johnson cut the timber off the land and sold it for about $4,000. After the sale of the coal and timber Johnson made application to the auditor, under Section 1025 of the Revised Statutes, to deduct from the appraisement of his land the amount which had been placed upon the tax duplicate against the purchaser of the coal, to-wit, $4,320. This the auditor refused to do. In refusing to make the deduction under this section, we think, the auditor acted right. No proof was made by Johnson as to the actual value of the coal as compared with the valuation of the whole farm as required by the section. *Dye* v. *State*, 73 O. S., 231.

Furthermore, we are fully persuaded that Section 1025 does not apply to cases of this character, but only to cases where there has been a separation by sale, or otherwise, of the surface of the land. That would seem to be so from the plain reading of the statute: "part only of any tract or lot." This would hardly include the severance of the coal or other mineral from the surface.

In the case already referred to, *Dye* v. *State,* in the opinion on page 237 it is said:

"It may be seriously doubted whether this statute authorized the severance of the surface of the land from the coal or other mineral embodied beneath it, so as to transfer the latter to a purchaser leaving the other parts of the land to stand in the name of the vendor."

Johnson then made application to the county board of equalization at its annual meeting to apportion the valuation of his farm at the preceding decennial appraisement between him and the purchaser of the coal. This the county board of equalization refused to do. Johnson also made application to the auditor to deduct the value of the timber, which he had cut off the farm and sold, or an equitable part thereof, from the value as fixed at the decennial appraisement. This the auditor refused to do. He then brought a suit in the court of common pleas against the auditor and the commissioners, as the county board of equalization, to enjoin the auditor from continuing upon the tax duplicate the full amount of the decennial appraisement of his farm, and to require the auditor to deduct from the same $4,320, the value of the coal sold; and also the sum of $4,000, the value of the timber which he cut off the farm.

The court of common pleas refused to deduct the value of the coal sold, or any part of the same, but allowed the claim for the timber cut off and sold, set up in the second cause of action, and enjoined the auditor from continuing on the tax duplicate the full amount of the decennial appraisement, and ordered him to deduct the value of the timber cut from the farm.

As to the claim made in the first cause of action we see no reason why an injunction should not be allowed prohibiting the auditor from continuing on the tax duplicate the equitable value of the coal sold according to the relative value of the coal with the surface. This is the plain provision of Section 2792a, passed April 23, 1904, and we do not understand why the common pleas court decided otherwise.

As to the claim set up in the second cause of action it is clearly untenable. Plaintiff relies on Section 2753 of the Revised Statutes. This section has no application to cases where the owner voluntarily cuts off timber and sells it. That section applies to cases of "destruction by fire, flood, cyclone, storm or otherwise of any structure of any kind, or of orchards, timber, ornamental trees, or groves over one hundred dollars."

Webster defines destruction as: "The act of destroying, tearing down, subversion, demolition, ruin."

Plaintiff's claim in his first cause of action will be allowed, and in his second cause of action will be refused. It does not, however, follow that Johnson should be allowed the full amount of $4,320, as a reduction of the appraised value of his farm for taxation at the decennial appraisement, but only an equitable division; and the county board of equalization is directed to make such equitable division at its next annual meeting. Until such division is made by the county board of equalization, the auditor is enjoined from the continuing on the tax duplicate any greater sum than the amount of the decennial appraisement less the sum of $4,320.

The second cause of action of plaintiff's petition will be dismissed. The costs will be equally divided between plaintiff and defendants.